# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LORMET COMMUNITY FEDERAL CREDIT UNION, | Case No. 1:23-cv-00627 |
| | Judge J. Philip Calabrese |
| Plaintiff and Counter-Defendant, | |
| | Magistrate Judge James E. Grimes, Jr. |
| v. | |
| CITY OF OBERLIN, | |
| Defendant, | |
| and | |
| VAUGHN'S AUTO REPAIR & 24 HOUR TOWING, LLC, | |
| Defendant and Counter-Claimant. | |

## OPINION AND ORDER

LorMet Community Federal Credit Union made an auto loan. When the borrower was arrested, the car was impounded. Eventually, LorMet filed this lawsuit against the City of Oberlin and Vaughn's Auto Repair & 24 Hour Towing, LLC, asserting that the towing policies and practices at issue violate its due process and property rights under the federal and Ohio Constitutions. In response, Vaughn's Auto filed a counterclaim against LorMet for unjust enrichment. Essentially, Vaughn's Auto argues that it has provided a service—the towing and storage of the car—for which it is entitled to be paid.

LorMet seeks a judgment on the pleadings on the counterclaim of Vaughn's Auto, which did not timely respond to or oppose the motion. Also, the deadline the Court set for amendments to the pleadings has now passed, and no party amended as of right or sought leave to amend. Because the Court has an independent obligation to examine its own jurisdiction, the Court declines to reach the merits of LorMet's motion for judgment on the pleadings and concludes that the counterclaim is not ripe for judicial review. Accordingly, the Court **DISMISSES** the counterclaim of Vaughn's Auto **WITHOUT PREJUDICE**.

## FACTS

Taking the facts alleged in the counterclaim of Vaughn's Auto as true and construing them in favor of the non-moving party, as the Court must in the present procedural posture, the record shows the following facts relevant to LorMet's motion for judgment on the pleadings.

On December 2, 2022, police arrested the owner of a 2018 Jeep Renegade. Because the vehicle was left on a public street, the police formally requested that Vaughn's Auto tow it (ECF No. 15, ¶ 1, PageID #91), pursuant to Section 4513.61 of the Ohio Revised Code (*id.*, ¶ 8, PageID #92). Vaughn's Auto charged $325.00 to tow the vehicle and continues to charge $35.00 per day to store it. (*Id.*, ¶ 9, PageID #92.)

As a lienholder, LorMet has a property right, a perfected security interest, in the vehicle. (ECF No. 1, ¶ 20, PageID #7.) LorMet first learned of the vehicle's seizure on or around February 2, 2023, when it received a letter from the Oberlin Police Department notifying LorMet of the vehicle's seizure. (ECF No. 1, ¶ 11,

PageID #5.) After receiving this notice, LorMet contacted Vaughn's Auto and attempted to recover the vehicle but was instructed that it must first pay the towing and storage fees. (*Id.*, ¶ 13, PageID #5.) Later, LorMet obtained a State court order directing Vaughn's Auto to release the vehicle, but only after payment of fees. (*Id.*, ¶ 15, PageID #6.) Vaughn's Auto agrees that it will allow LorMet to retrieve the vehicle as soon as payment is made. (ECF No. 15, ¶ 13, PageID #92.) As of the date of this ruling, to the Court's knowledge, Vaughn's Auto continues to possess the vehicle, and storage fees continue to accrue. (*See* ECF No. 34.)

## ANALYSIS

Though neither party questions the Court's jurisdiction to adjudicate LorMet's motion for judgment on the pleadings, the Court has an independent duty "to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Kentucky Press Ass'n, Inc. v. Kentucky*, 454 F.3d 505, 508 (6th Cir. 2006) (quoting *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977)). Article III of the Constitution restricts the jurisdiction of federal courts to live cases and controversies. U.S. Const. art. III, § 2; *O'Shea v. Littleton*, 414 U.S. 488, 493 (1974); *Brown v. Ferro Corp.*, 763 F.2d 798, 801 (6th Cir. 1985).

Ripeness doctrine derives from the jurisdictional prerequisites that Article III mandates, but it also adds a prudential element that compels federal courts to consider whether judicial resolution of an actual case or controversy is desirable under the circumstances. *Id.* Ripeness "separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate

3

for the court's review." *National Rifle Ass'n of America v. Magaw*, 132 F.3d 272, 280 (6th Cir. 1997); *Abbott Labs. v. Gardner,* 387 U.S. 136, 148 (1967), *overruled on other grounds by Califano v. Sanders,* 430 U.S. 99, 105 (1977). Ripeness is "peculiarly a question of timing." *Young v. Klutznick,* 652 F.2d 617, 625 (6th Cir. 1981). It comes into play where a case is "anchored in future events that may not occur as anticipated, or at all." *Kentucky Press Ass'n, Inc.*, 454 F.3d at 509 (quoting *National Rifle Ass'n*, 132 F.3d at 284); *see also Pacific Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n,* 461 U.S. 190, 200–01 (1983)).

To determine whether a claim is ripe for judicial review, the Court applies a two-part test. First, it asks "whether the issues tendered are appropriate for judicial resolution." Next, it "assess[es] the hardship to the parties if judicial relief is denied at that stage." *Brown*, 763 F.2d at 802 (quoting *Young v. Klutznick,* 652 F.2d 617, 625 (6th Cir. 1981); *Jackson v. City of Cleveland*, 925 F.3d 793, 807 (6th Cir. 2019). Sometimes, the Sixth Circuit variously stated the inquiry as directed to: (1) the likelihood that the harm alleged will ever occur; (2) whether the factual record is sufficiently developed for a fair adjudication of the merits; and (3) the hardship to the parties if judicial relief is denied at this stage of the proceedings. *Kentucky Press Ass'n*, 454 F.3d at 509 (quoting *Adult Video Ass'n v. United States Dep't of Justice*, 71 F.3d 563, 568 (6th Cir. 1995)).

Vaughn's Auto alleges that LorMet "would be unjustly enriched by the actions of Defendant in preserving and maintaining its collateral, if Plaintiff were to receive the collateral without payment, pursuant to" Section 4513.61 of the Ohio Revised

4

Code. (ECF No. 15, ¶ 21, PageID #93.) This counterclaim anticipates a future entitlement to damages, contingent on LorMet's success on the merits and retrieval of the collateral without any payment to Vaughn's Auto—events that have not occurred and might not.

The issue is not presently appropriate for judicial resolution. The claim for unjust enrichment depends on a future circumstance which might or might not occur. At this point in time, its likelihood of occurrence is unclear to the Court, and the record is not sufficiently developed on the underlying merits for a proper determination on that question. Nor would the parties experience hardship if relief is denied at this stage. Vaughn's Auto may assert the counterclaim at an appropriate time if the anticipated events come to pass. For now, however, the claim is not ripe for review.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Vaughn's Auto's counterclaim **WITHOUT PREJUDICE** and **DENIES AS MOOT** LorMet's motion for judgment on the pleadings.

**SO ORDERED.**

Dated: December 11, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio