# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LORMET COMMUNITY FEDERAL CREDIT UNION, | ) ) | Case No. 1:23-cv-627 |
| | ) | Judge J. Philip Calabrese |
| Plaintiff, | ) ) | |
| | ) | Magistrate Judge |
| v. | ) | James E. Grimes, Jr. |
| | ) | |
| VAUGHN'S AUTO REPAIR & 24 HOUR TOWING, LLC, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff LorMet Community Federal Credit Union sued Vaughn's Auto Repair & 24 Hour Towing, LLC and the City of Oberlin, asserting that the towing policies and practices at issue violate its due process and property rights under the federal and Ohio Constitutions.  From the earliest days of this lawsuit, the parties sharply disputed many of the key facts and disagreed about the legal regime that applies.  At the conclusion of discovery, Plaintiff and Defendants filed cross-motions for summary judgment.  For the reasons that follow, the Court **DISMISSES** Plaintiff's first amended complaint and **DENIES AS MOOT** the parties' cross-motions for summary judgment.

## STATEMENT OF FACTS

On December 2, 2022, police arrested Blake Kamms with the 2018 Jeep Renegade he owned; later, he was charged with trafficking in drugs, subjecting the vehicle to forfeiture.  (ECF No. 62-1, PageID #598.)  That same day, Vaughn's Auto

Repair & 24 Hour Towing, LLC towed the vehicle from the scene to the company's property. (ECF No. 61-7, PageID #559.) Typically, Vaugn's Towing charges $35 per day for storage. (ECF No. 61-1, PageID #429.) However, if the vehicle is stored inside, Vaughn's Towing charges $55 per day. (*Id.*, PageID #481–82.) Vaughn's Towing does not release a vehicle without full payment of towing and storage fees. (*Id.*, PageID #485.)

As a lender to Kamms, LorMet Community Federal Credit Union has a lien on his 2018 Jeep Renegade. (ECF No. 61-4, PageID #551; ECF No. 62-3, PageID #657.) On February 2, 2023, two months after the arrest of Blake Kamms, LorMet received an impound notice from the Oberlin Police Department, dated January 31, 2023. (ECF No. 63-1, PageID #702; *see also* ECF No. 61-4, PageID #551; ECF No. 62-3, PageID #657.) After receiving the impound notice, the collection manager for LorMet's branches called Vaughn's Towing to see if it still had the vehicle (ECF No. 63-1, PageID #705) and "to find out how much the impound fees would be" (*id.*, PageID #703). Vaughn's Towing told the collection manager that "[i]t was $325 plus $55 per day." (*Id.*) The collection manager made handwritten notations of those amounts on the impound notice. (*Id.*, PagID #702–03.)

After calling Vaughn's Towing, the collection manager called the Oberlin Police Department "to see if the vehicle could be released." (*Id.*, PageID #706.) Because the Department was busy, the collection manager was told that someone would call her back. (*Id.*) At some point, the collection manager learned that a court order is

2

necessary to release the vehicle (*id.*, PageID #707) and that LorMet's counsel "would prepare the motion and go to court to get the release" (*id.*, PageID #708).

LorMet understood that "[t]he person who gets the release has to pay the fees currently in order to get the vehicle." (*Id.*, PageID #720–21.)  As the party preparing the motion for the release, "[w]e would have to pay the fees on the impound to get it released.  Every day it costs more." (*Id.*, PageID #722.)  Therefore, "[i]f the vehicle's impounded and we are able to obtain release, then we will do so as soon as possible to avoid accumulation of additional fees." (*Id.*, PageID #720.)  Although Kamms was current on his loan, LorMet did not allow the owner to "take charge of the situation and obtain the release of his own vehicle" because "[h]e hadn't done so since it was impounded in early December[.]" (*Id.*, PageID #721–22.)  LorMet "wouldn't let it linger after we knew about it." (*Id.*, PageID #722.)

On February 10, 2023, in the State criminal case against Kamms, LorMet filed a motion to release the vehicle.  (ECF No. 67-1.)  LorMet's counsel, R. J. Budway, filed the motion.  (ECF No. 67-1, PageID #870.)  In it, LorMet represents that "[t]his vehicle has been impounded at Vaughn's Towing since December 2, 2023 and continues to accumulated [*sic*] daily storage fees that Third Party Lormet will ultimately have to pay." (*Id.*, ¶ 6, PageID #869.)  On March 2, 2023, LorMet filed a notice to withdraw its motion to release the vehicle.  LorMet withdrew its motion "[d]ue to the amount of the costs." (ECF No. 63-1, PageID #727; *see also id.*, PageID #732.)

On March 9, 2023, in the underlying State criminal case, LorMet filed another motion for immediate release of the vehicle. (*State v. Kamms*, No. 22-CR-107925, Motion (Mar. 9, 2023).[1]) Different counsel for LorMet, Daniela Paez, filed this motion. (*Id.*) In the motion, LorMet requested an order releasing the vehicle "<u>without</u> payment of the storage and towing fees that Vaughn's claims must be paid before it releases the vehicle or, in the alternative, by permitting Lormet [*sic*] to instead post a bond or deposit such amount with the Court[.]" (*Id.*)

On March 16, 2023, the judge in the State-court criminal case ordered the release of the vehicle to LorMet. (*State v. Kamms*, No. 22-CR-107925, Order (Mar. 16, 2023).) In their brief, Defendants filed a document from the proceedings in State Court titled "Agreed Order." (ECF No. 67-3.) Counsel for the State and Mr. Budway, as LorMet's attorney, signed this document, which provided that LorMet would pay the towing and storage fees:

> This matter came before this Honorable Court on Third Party Lormet [*sic*] Community Federal Credit Union's ("Lormet") Pre-trial Motion to Release a vehicle, to wit: a 2018 Jeep Renegade, VIN ZACCJABBBXJPG8872. This vehicle is currently impounded with Vaughn's Towing located at 8941 Leavitt Road, South Amherst, Ohio 44001.
>
> Parties agree that Lormet [*sic*] is a secured lien holder on said vehicle and that the vehicle will no longer be the subject of a forfeiture request by the State.
>
> The State of Ohio agrees that the vehicle shall be released to Lormet [*sic*]. Lormet [*sic*] shall pay any fees associated with the towing and impoundment of said vehicle to Vaughn's Towing.

---

[1] The Court takes judicial notice of the adjudicative facts in the State-court litigation, which are matters of public record not subject to reasonable dispute. *See Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005).

(*Id.*, PageID #873.) However, this document appears to be only a proposed order. The agreed order that the judge signed and entered is silent about those fees. The agreed order that was actually entered contains the same language as the proposed order except for the last sentence about LorMet paying any towing and storage fees. (*See State v. Kamms*, No. 22-CR-107925, Order (Mar. 16, 2023).) Counsel for the State signed the agreed order, and it represents that Ms. Paez consented by email to it on behalf of LorMet. (*Id.*)

The security agreement between Kamms and LorMet does not address costs associated with repossession. (ECF No. 63-1, PageID #724.) Still, when LorMet learned of the towing and storage fees in February 2023, LorMet "could have charged those costs back to [the owner of the vehicle]." (*Id.*, PageID #727.) But LorMet has not charged the owner "in any way for any of the costs associated with Lormet's [*sic*] efforts to obtain the release of the vehicle." (*Id.*, PageID #724.) As of the date of this ruling, to the Court's knowledge, Vaughn's continues to hold the vehicle, and storage fees continue to accrue.

Though not relevant here, in February 2023, after LorMet's efforts to obtain a release of the vehicle, LorMet made another auto loan to Kamms. (*Id.*, PageID #727–28.)

## ANALYSIS

Although no party directly raises the issue, the Court has an independent obligation to examine its own jurisdiction. *See, e.g.*, *Nikolao v. Lyon*, 875 F.3d 310,

315 (6th Cir. 2017) (citations and quotations omitted); *Mercurio v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005).

A federal court may hear only "cases" or "controversies." U.S. Const. art. III, ¶ 2, cl. 1. This is a "cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011). If there is no case or controversy, "agreement of the parties cannot establish subject matter jurisdiction." *United States v. Riley*, 609 F. App'x 837, 840 n.1 (6th Cir. 2015) (quoting *Michigan v. Meese*, 853 F.2d 395, 397 (6th Cir. 1988)).

Upon review of the summary-judgment record, the Court reluctantly concludes that this dispute does not present a case or controversy within the meaning of Article III. Initially, through its counsel, LorMet agreed to pay the towing and storage fees for release of the vehicle to protect its lien. (*See* ECF No. 67-3; *see also* ECF No. 65-1, PageID #772.) Then, in its second motion to release the vehicle, LorMet sought release without paying the towing and storage fees. (*State v. Kamms*, No. 22-CR-107925, Motion (Mar. 9, 2023).) The agreed order granting release of the vehicle is silent on the issue of fees. (*See State v. Kamms*, No. 22-CR-107925, Order (Mar. 16, 2023).)

On the facts presented, LorMet undertook a contractual obligation to pay the fees for release of the vehicle. Perhaps it modified or rescinded that agreement. Perhaps not. Whatever the case, the summary-judgment record shows that LorMet acknowledged, through the testimony of its representative designated pursuant to

6

Rule 30(b)(6), that it had the obligation to pay the fees.  (*See* ECF No. 63-1, PageID #720–21 ("The person who gets the release has to pay the fees currently in order to get the vehicle."); *id.*, PageID #722 ("We [LorMet] would have to pay the fees on the impound to get it released."); *id.*, PageID #710 ("If the vehicle's impounded and we are able to obtain release, then we will do so as soon as possible to avoid accumulation of additional fees.").)  Having undertaken that obligation, there is no case or controversy left to resolve here.

LorMet objects to the amount of the fees charged due to the delay in notice it claims.  Still, LorMet agreed, on these facts, that it has an obligation to pay to release the vehicle.  And LorMet had a full and fair opportunity (and the obligation) to litigate that issue in State court because of the forfeiture allegation in the indictment against Kamms.  Given the opportunity to pursue the issue in State court, it declined to do so.  Therefore, even if there is a case or controversy, res judicata bars its litigation now.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Plaintiff's first amended complaint (ECF No. 52) and **DENIES AS MOOT** the parties' cross-motions for summary judgment (ECF No. 65; ECF No. 67).

**SO ORDERED.**

Dated:  June 12, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio